FILED & JUDGMENT ENTERED
David E. Weich

Dec  09  2009

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

IN RE:                                                    )
                                                         )          Case No. 09-32133
**Restaurant One Fifty, LLC**                            )          Chapter  11
        Debtor.                                          )
_____                        )

## ORDER

**THIS MATTER** is before the Court on the Application of 425 South Tryon Street, LLC for Allowance and Payment of Administrative Expense Claim.  A hearing was held on December 1, 2009.  The Debtor was represented at the hearing by Richard Wright. The Landlord, 425 South Tryon Street, was represented by Megan Miller.

This case is the epilogue to 425 South Tryon's summary ejectment proceedings in state court.  A hearing was previously held on September 9, 2009 on 425 South Tryon's Motion for Relief from Stay. At that hearing the Landlord argued that the Debtor's lease terminated before bankruptcy and that the Debtor had no right to occupy the premise afterward. The Debtor countered that the lease was still in effect at the time of the petition and therefore subject to assumption through Code §365. The dispute was resolved by a consent order (Consent Order Resolving

Motion for Relief from Automatic Stay dated September 25, 2009) in which the Debtor and Landlord agreed that the DIP would remain in the commercial space through December 2009 in order to seek a sale of the on-site property. The Consent Order further stated that if the Debtor failed to pay the agreed post petition rent, it must remove itself from the property. The purpose of the Consent Order was to afford the Debtor an opportunity to seek a buyer for its restaurant equipment. Unfortunately, the Debtor's efforts to find a buyer failed, after timely payment of $7,5530.60, the rent due consistent with the order for the month of August, and the Debtor voluntarily left the premises on October 15, 2009.  At the time only the August rent ($7,530.60) had been paid. No monies had been paid on account of September and October.

The Landlord believes that, the full monthly rent is due for each month, consistent with Code §365(d)(3). The Debtor agrees it owes September rent. However, the Debtor relying on the Consent Order and the *In re Merry-Go- Round Enterprises* case asserts that it only occupied the premises for a half of October and only half of the monthly rent is owed. In short, the Debtor believes the matter should be analyzed not as a lease payment obligation, but under the traditional administrative expense test of "necessary and beneficial" to the estate.  In re Merry-Go-Round Enter. v. Simon DeBartolo Group, 180 F.3d 149, 158 (4th Cir. 1999).

The Consent Order did not contemplate the scenario of the Debtor leaving the premises midmonth. Therefore, to resolve the dispute the Court must look to the parties' positions from the earlier lease dispute and the underlying contract. The Consent Order resolved a lease dispute in which the best possible outcome for the

Debtor would have been a ruling that the prepetition lease still remained in effect at the filing date. At most, any settlement of the dispute would have afforded only this result and possibly less.

Had the lease been deemed in effect, under §365(d)(3) the Debtor would be obligated to pay all rent payments per the lease terms.  Under the lease, monthly rent is due on the first day of the month.  Contractually there is no right to prorate the lease after surrender based on days in possession, as the Debtor proposes, based on the benefit conferred to the lessee.  Since the Consent Order did not specify otherwise, in settlement we can award the Debtor no more rights that it could have won in litigation. Therefore the Debtor owes, in addition to September rent, the full rent for the month of October in accordance with the original lease terms.

The Landlord maintained that legally it was entitled to rent through December 2009.  However, it limits its administrative rent claim to only September and October 2009 rents. These obligations, totaling $21,626.28, will be treated as a Chapter 11 administrative expense.

The Landlord further asks the Court to authorize the immediate payment of this administrative expense. However, the Debtor currently lacks the wherewithal to pay this claim and other competing administrative expense claims. Therefore, the administrative expense claim is allowed but 425 South Tryon must await payment until a case distribution is made.

**SO ORDERED.**

**This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.**

**United States Bankruptcy Court**